UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONALD MOREHEAD,<br><br>    Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | NO.  C16-1155-JLR-JPD<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Donald Morehead appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be AFFIRMED.

      I.   FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, Plaintiff was a 49-year-old man with a 12th-grade education.  Administrative Record ("AR") at 51, 357.  His past work experience includes employment as a construction worker, temporary laborer, forklift operator, and bakery worker. AR at 333, 364.  At the time of the administrative hearing, Plaintiff worked sporadically selling newspapers.  AR at 58-60, 417.

REPORT AND RECOMMENDATION - 1

On August 27, 2012, Plaintiff protectively filed a claim for SSI payments, alleging an onset date of January 1, 1999. AR at 304-09, 353. Plaintiff asserts that he is disabled due to a shoulder injury, arthritis in his shoulder, post-traumatic stress disorder, auditory hallucinations, high blood pressure, vision issues, memory problems, concentration and focus problems, and headaches. AR at 356.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 161-73, 177-87. Plaintiff requested a hearing, which took place on October 14, 2014. AR at 48-82. On October 31, 2014, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 20-33. After reviewing additional evidence, the Appeals Council denied Plaintiff's request for review. AR at 1-7. On July 22, 2016, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 4.

## II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*,

53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.  EVALUATING DISABILITY

As the claimant, Mr. Morehead bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

REPORT AND RECOMMENDATION - 3

§§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

V.   DECISION BELOW

On October 31, 2014, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since August 27, 2012, the application date.

2. The claimant's right shoulder degenerative joint disease, cervical degenerative disc disease, depressive disorder, anxiety disorder, and alcohol abuse in partial remission are severe impairments.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) with some exceptions: he can lift and/or carry a maximum of ten pounds. With his right arm he can occasionally reach overhead and frequently reach up to shoulder level. He can perform unskilled, routine work with no public contact and occasional contact with supervisors and co-workers. He would be off-task up to 9% of the time, but could still meet minimum job requirements.

5. The claimant has no past relevant work.

6. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

7. The claimant has not been under a disability, as defined in the Act, since August 27, 2012, the date the application was filed.

AR at 20-33.

VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in assessing certain medical opinion evidence; and

2. Whether the ALJ erred in discounting Plaintiff's subjective testimony.

Dkt. 14 at 1.

//

//

REPORT AND RECOMMENDATION - 5

VII.   DISCUSSION

A.   <u>The ALJ Did Not Err in Assessing the Medical Opinion Evidence.</u>

Plaintiff challenges the ALJ's assessment of a number of medical opinions, which the Court will address in turn.

   1.   *Legal Standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and

REPORT AND RECOMMENDATION - 6

convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

2.   *Patricia Fantoni-Salvador, Ph.D.*

Dr. Fantoni-Salvador performed a psychological examination in December 2012, and wrote the following medical source statement:

> [Plaintiff] does not exhibit deficits in cognitive functioning, intellectual functioning, immediate or delayed memory. His active lifelong alcohol abuse, legal history, pain disorder and poor judgment have hindered his ability to maintain skilled work. He has marginally kept control over his life; he remained sporadically employed throughout most of his adolescent and adult life while not incarcerated. He does not exhibit insight into his conditions. His relationships with other homeless people are generally positive. [Plaintiff] would benefit from psychological treatment of his PTSD, depression and poor coping mechanisms. He may also benefit from continuing and complying with medical treatment and starting inpatient or outpatient alcohol treatment. Undergoing work training and vocational assessment could help him find and maintain light-duty, physically undemanding employment.

AR 720. The ALJ noted that Dr. Fantoni-Salvador believed Plaintiff could not perform skilled work, but did not opine as to his capability for other work and indicated that he had no cognitive deficits. AR at 30. The ALJ also found that Dr. Fantoni-Salvador did not indicate the degree to which Plaintiff had any specific workplace limitation, which rendered it "vague and general." *Id*. The ALJ gave "some weight" to Dr. Fantoni-Salvador's opinion, and found it not inconsistent with a finding that Plaintiff could perform a range of unskilled work with limited contact with others. AR at 31.

Plaintiff raises a number of challenges to the ALJ's assessment of this opinion. First, he argues that the ALJ did not consider his homelessness when assessing Dr. Fantoni-Salvador's opinion, but does not explain how this consideration would have impacted the ALJ's decision. Dkt. 14 at 3. Dr. Fantoni-Salvador was aware of Plaintiff's homeless status

REPORT AND RECOMMENDATION - 7

(AR at 718 ("[Plaintiff] is currently homeless.")), and thus it is not clear how the ALJ's reiteration of that point would have impacted his assessment of the opinion.

Next, Plaintiff argues that the ALJ ignored Dr. Fantoni-Salvador's opinion that he suffers from severe PTSD symptoms and would need vocational training to find work. Dkt. 14 at 3-4. But Dr. Fantoni-Salvador did not describe Plaintiff's PTSD symptoms as "severe." She described his depression and anxiety symptoms as "mild." AR at 719. Dr. Fantoni-Salvador did indicate that Plaintiff would require vocational training, but this is not a functional limitation and is outside Dr. Fantoni-Salvador's area of expertise as a psychologist. Thus, the ALJ was not required to discuss this aspect of Dr. Fantoni-Salvador's opinion, because it is not significant, probative evidence. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995); *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2010) ("A treating physician's evaluation of a patient's ability to work may be useful or suggestive of useful information, but a treating physician ordinarily does not consult a vocational expert or have the expertise of one.").

Finally, Plaintiff argues that the ALJ erred in failing to discuss the Global Assessment of Functioning ("GAF") score assessed by Dr. Fantoni-Salvador. Dkt. 14 at 4-6. But the ALJ did discuss Dr. Fanton-Salvador's GAF score, along with other GAF scores in the record. AR at 31. Plaintiff does not address this portion of the ALJ's decision, or explain why the ALJ erred in rejecting the GAF scores as subjective and related to factors beyond disability.

Accordingly, the Court finds that Plaintiff has not established error in the ALJ's assessment of Dr. Fantoni-Salvador's opinion. The ALJ's assessment should be affirmed.

3.   *James Czysz, Psy.D.*

Dr. Czysz examined Plaintiff in May 2013, and completed a DSHS form opinion. AR at 763-68. Plaintiff inaccurately described his history of alcohol use to Dr. Czysz. AR at 763, 765. Dr. Czysz opined that Plaintiff had moderate and marked limitations in all categories of

work activities. AR at 765.

The ALJ gave little weight to Dr. Czysz's opinion, finding it inconsistent with examination findings and Plaintiff's activities and rendered in reliance on subjective reporting, which was not entirely accurate. AR at 31. Plaintiff's challenge to the ALJ's assessment is not entirely clear. Plaintiff notes that Dr. Czysz reviewed other material and also performed his own mental status examination (Dkt. 14 at 7), which the Court construes as an argument that Dr. Czysz did not rely entirely on Plaintiff's self-reporting. But the ALJ did not assert that Dr. Czysz relied entirely on self-report; the ALJ found that Dr. Czysz's mental status examination findings were, in some categories, within normal limits, yet Dr. Czysz found evidence of limitation based on Plaintiff's self-reported history. AR at 31 (citing AR at 767).

Plaintiff also states that Dr. Czysz's opinion is "consistent with other psychological evaluations in the record[,]" but does not identify such evidence. Dkt. 14 at 7. Dr. Czysz's opinion actually describes limitations much more severe than indicated by Dr. Fantoni-Salvador, and the ALJ cited many clinical notes that indicated normal mental status examination findings after Plaintiff completed inpatient treatment. AR at 27. Thus, Plaintiff has not shown that the ALJ erred in finding Dr. Czysz's opinion to be inconsistent with other evidence in the record. The ALJ's assessment of Dr. Czysz's opinion should be affirmed.

4. *John Slightam, M.D.*

Dr. Slightam, a treating psychiatrist, completed a form opinion in August 2014, indicating many marked and extreme limitations. AR at 872-73. The ALJ gave little weight to this opinion, finding it to be unexplained and inconsistent with Plaintiff's activities, the objective medical record, and his improvement with medication. AR at 31.

Plaintiff argues that Dr. Slightam's clinical notes provide adequate support for the conclusions indicated in the opinion, and that Dr. Slightam's opinion would support a finding

that Plaintiff satisfied the "paragraph B" criteria of the 12.00 listings. Dkt. 14 at 8. Plaintiff's arguments are unavailing, because, as found by the ALJ, Dr. Slightam's clinical notes actually describe improvement and many normal findings, and therefore would not support his conclusions regarding the severity of Plaintiff's limitations. *See, e.g.*, AR 861-71. Plaintiff has not shown an error in the ALJ's assessment of Dr. Slightam's opinion, and it should be affirmed.

5.  *Rachel Beda, M.D.*

Dr. Beda treated Plaintiff's physical conditions and completed four form opinions regarding Plaintiff's physical limitations between January 2012 and June 2014. AR at 655-58, 676-79, 769-71, 876-78. She also wrote a narrative opinion in November 2013. AR at 817. The limitations described by Dr. Beda vary, and the ALJ found that the variance between the opinions, without explanation as to why Plaintiff's limitations either improved or worsened, undermined the reliability of Dr. Beda's opinions. AR at 29. The ALJ also noted that Dr. Beda's contemporaneous notes indicated that she relied on Plaintiff's self-reporting when rating the severity of his deficits. AR at 29-30. Finally, the ALJ compared Dr. Beda's conclusions with her treatment notes, and found them to be inconsistent. AR at 30.

Plaintiff argues that the ALJ erred in finding the variance in Dr. Beda's opinions to undermine their reliability, because worsening limitations would be consistent with his degenerating physical conditions. Dkt. 14 at 9. But Dr. Beda's opinions did not consistently indicate worsening symptoms; Dr. Beda described Plaintiff's limitations as less severe in June 2012 than in January 2012, for example. *Compare* AR at 655 *with* AR at 676.

Plaintiff also cites MRI evidence, showing a partial tear of his supraspinatus tendon and possible bursitis, as an explanation for why his condition deteriorated between 2012 and 2013 (Dkt. 14 at 9 (referencing AR at 747)), but that MRI evidence does not indicate that those

REPORT AND RECOMMENDATION - 10

conditions were of recent origin. In January 2013, Plaintiff reported to a physician who reviewed the MRI evidence that he believed his pain was caused by a 1991 car accident, and he described the pain as "chronic." AR at 746. In December 2012, Dr. Beda herself also described Plaintiff's right shoulder pain as existing for four years. AR at 785. Thus, the evidence does not support Plaintiff's interpretation of the 2012 MRI evidence, and it does not provide a basis for undermining the ALJ's reasoning with respect to the variation in Dr. Beda's opinions. The ALJ's thorough discussion of Dr. Beda's opinions contradicts Plaintiff's argument that the ALJ "essentially ignor[ed]" Dr. Beda's opinions. Dkt. 14 at 9. The ALJ's assessment should be affirmed.

B. <u>The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony.</u>

The ALJ discounted Plaintiff's subjective testimony for several reasons, including (1) Plaintiff's activities were inconsistent with his allegations (and he inconsistently reported those activities as well); (2) his objective medical findings are minimal and mild, in contradiction to his allegations of severely limiting pain; (3) some of his symptoms resolved with medication and/or he reported the symptoms inconsistently; (4) he was offered only conservative treatment for his shoulder condition, and some of the records indicate that this treatment was successful. AR at 26-28.

Plaintiff challenges only some of the ALJ's reasons, arguing that the ALJ lacked the expertise to determine that the objective evidence (specifically related to mental health findings) was inconsistent with his allegations, and that the ALJ failed to acknowledge that he still experienced his symptoms while performing his daily activities and adapting to his homelessness. Dkt. 14 at 10-11.

1. *Legal Standards*

As noted above, it is the province of the ALJ to determine what weight should be

REPORT AND RECOMMENDATION - 11

afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence.  A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis.  20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281.  First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms.  20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82.  Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence.  *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick*, 157 F.3d at 722.  Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.  *Burrell v. Colvin* 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)).  *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient.  *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.  The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms.  *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

    2.    *Plaintiff's Challenges*

Plaintiff's disputes regarding the ALJ's reasoning with respect to his testimony are not

persuasive. Contrary to Plaintiff's briefing, the Act's regulations and agency guidance task an ALJ with identifying inconsistencies between a claimant's complaints and the remainder of the record, and the ALJ must resolve those inconsistencies. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996). ALJs are instructed to consider the degree to which symptom testimony is supported by and consistent with the record. *See* 20 C.F.R. § 416.929. Accordingly, the ALJ's identification of inconsistencies between the objective findings and Plaintiff's testimony is not erroneous. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

Plaintiff has not identified with particularity his additional challenge to the ALJ's finding with respect to his daily activities. Plaintiff emphasizes that he continued to experience symptoms even as he performed activities, and argues that the ALJ mischaracterized his activities. Dkt. 14 at 11. Plaintiff does not explain how the ALJ mischaracterized his activities. That Plaintiff continued to experience his symptoms while performing activities does not undermine the ALJ's reasoning, because the ALJ did not find that Plaintiff was symptom-free while performing those activities, but indicated that Plaintiff's limitations (as described in the RFC assessment) did not prevent him from performing those activities, which Plaintiff apparently does not dispute. *See* AR at 25-27.

Furthermore, the fact that multiple other reasons provided by the ALJ for discounting Plaintiff's testimony remain unchallenged indicates that any error related to the reasons challenged by Plaintiff would be harmless error. *See Carmickle*, 533 F.3d at 1162-63. Accordingly, the ALJ's reasoning as to Plaintiff's subjective testimony should be affirmed.

## VIII.  CONCLUSION

The role of this Court is limited.  As noted above, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews*, 53 F.3d at 1039.  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Thomas,* 278 F.3d at 954.  While it may be possible to evaluate the evidence as Plaintiff suggests, it is not possible to conclude that Plaintiff's interpretation is the only rational interpretation.  Accordingly, and for the foregoing reasons, the Court recommends that this case be AFFIRMED.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **February 14, 2017**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 17, 2017**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 24th day of January, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge